IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY L. SELLERS,

     Plaintiff,                          No. CIV S-06-2510 GEB DAD PS

     v.

LEIGH ****, et al.,               ORDER AND

     Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

1  Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough
2  facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___
3  U.S. ___, ___, 127 S. Ct. 1955, 1969 (2007).
4        Before the court could screen plaintiff's original complaint in this case, plaintiff
5  filed an amended complaint captioned for filing in this case as well as in Sellers v. Coldiron, case
6  No. 2:06-CV-2443 FCD KJM PS, and Sellers v. Davis Police Dep't, case No. 2:06-CV-2633
7  MCE GGH PS. In the amended complaint, plaintiff states that he is consolidating all of his
8  claims into one pleading.
9         The docket for Sellers v. Coldiron, the first filed of plaintiff's three cases, reveals
10 that plaintiff's original complaint was dismissed with leave to amend on December 1, 2006. On
11 December 8, 2006, plaintiff filed his amended complaint in all three cases. Plaintiff subsequently
12 filed a second amended complaint in Sellers v. Coldiron. On April 27, 2007, the second
13 amended complaint was dismissed with leave to file a third amended complaint. Plaintiff did not
14 file a third amended complaint, and the magistrate judge has recommended that the case be
15 dismissed without prejudice. The docket for Sellers v. Davis Police Dep't, the last filed of the
16 three cases, reveals that the action was dismissed as duplicative on June 26, 2007.
17        The present case is duplicative of an earlier filed case in which plaintiff has filed
18 second and third amended complaints that superseded the amended complaint filed in this case.
19 Due to plaintiff's intention to proceed in one action, this action should be dismissed as
20 duplicative. See Fed. R. Civ. P. 41(b).
21        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
22 December 11, 2006 application for appointment of counsel is denied; and
23        IT IS RECOMMENDED that this action be dismissed without prejudice.
24        These findings and recommendations will be submitted to the United States
25 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
26 ten days after being served with these findings and recommendations, plaintiff may file written

1  objections with the court.  The document should be titled "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3  specified time may, under certain circumstances, waive the right to appeal the District Court's
4  order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: July 13, 2007.

                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

9  DAD:kw
   Ddad1\orders.prose\sellers2633.dism.dup